BENJAMIN F. FELIX

*v.*

WILLIAM SCHARNWEBER.

*Filed at Ottawa January 25, 1887.*

1. APPEAL—*reviewing facts—and what constitutes a question of fact.* In an action by the inventor of a rope reel, against the manufacturer of the same, to recover the royalty agreed to be paid by the latter to the former on all reels made and sold by the latter, the question how many reels were made and sold under the contract, is one of fact, not reviewable by this court, it being bound in that regard by the finding of the Appellate Court in affirming the judgment of the trial court.

2. EVIDENCE—*relevancy.* The defendant in an action to recover of him the royalty agreed to be paid to the plaintiff on certain machines made and sold by the former, claimed that the machine made and sold by him was a new and different one, invented by a third party, and on the trial offered to prove what order or direction such third party gave when he ordered the new machine made, which the court refused to admit: *Held,* no error in the ruling, as the proposed testimony would have opened collateral issues not really involved.

3. SAME—*whether irrelevancy a ground of reversal.* On the question whether certain rope reels made and sold by a defendant under a contract with the plaintiff, by which the defendant was to pay him a royalty, the plaintiff was allowed to testify that he had suggested to the defendant some improvements to the reel, which were adopted, in part, at least, there being other proof that there was no difference, in principle, in the machines made and sold and the one covered by the letters patent, to which the contract related: *Held,* that the error in the admission of the plaintiff's testimony, if any, was one that could not have seriously affected the merits of the case, and was therefore no ground of reversal.

4. PRACTICE—*improper remarks of counsel in argument.* In the closing argument to the jury, in a suit to recover for an alleged breach of contract, the plaintiff's counsel commented on the fact that his client, in whose favor a judgment was rendered, was a poor man, and that defendant was a man of wealth and leisure, traveling in Europe. The court sustained an objection to the remarks, and said that such considerations should not be regarded by the jury: *Held,* that while the remarks of counsel were very objectionable, yet, when taken in connection with the advice of the court to the jury, the error was not of such gravity as to require a reversal of the judgment.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. FLOWER, REMY & GREGORY, for the appellant.

Mr. H. F. VALLETTE, Mr. F. J. GRIFFIN, and Mr. HENRY DECKER, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought in the circuit court of Cook county, by William Scharnweber, against Benjamin F. Felix, to recover a royalty on each machine, called a "rope reel," which defendant should sell. The declaration contains two special counts on the written agreement between the parties, and also the common counts, to which the general issue was filed, and a notice that certain special facts would be proved upon the trial, as a defence to the action. The cause was submitted to a jury, who returned a verdict for plaintiff, upon which the

court rendered a judgment. That judgment was afterwards affirmed in the Appellate Court for the First District, and defendant brings the case to this court on his further appeal.

The written agreement between the parties recited, that plaintiff and defendant were joint proprietors of a certain patent for an improved "rope reel," and that defendant should have the exclusive control of the manufacture and sale of the reel. By the terms of the contract, defendant was obligated to pay plaintiff a royalty on each and every rope reel sold by him, to be paid on the last business day of each and every month. The principal question made on the trial was, whether the reels manufactured and sold by defendant came within the terms of the written contract. On this question, the court, at the instance of the defendant, instructed the jury, that, under the contract declared on, defendant was only liable for unpaid royalty, if any, on such reels sold by him or his firm as are contemplated or covered by the terms of the contract, and that he was not liable, in this suit, for royalty on any other or different reels, whether invented by plaintiff or any one else. The charge of the court, in this respect, was as full and favorable to defendant as the law would warrant. It will be perceived the issue was confined to the number of reels sold under the contract. All others were expressly excluded. It was a question of fact, then, how many machines were sold by defendant, under the contract, for which plaintiff was to receive a royalty. That, of course, is a question this court can not review. It is conclusively settled by the findings of the lower courts, where such matters are properly cognizable.

It is assigned for error, that plaintiff was permitted to prove, perhaps by his own testimony, principally, that he suggested some improvements to the reel covered by the letters patent, and which were adopted, in part at least. There was no serious error in the admission of this evidence. It was proved by the pattern maker, there was no difference in

principle in the machines manufactured and sold by defendant and the one covered by the letters patent, and on which defendant was obligated to pay a royalty. Assuming that to be so, as must be done, as the case comes before this court, there was no error in the admission of the objectionable evidence,—certainly none that could seriously affect the merits of the case, under the instructions of the court. Nor was there any error in refusing defendant the privilege to prove what order or direction Mason, who, it is claimed, invented the new reel, gave, when he ordered it made. That would have opened collateral issues not really involved in the cause, and the court very properly excluded the inquiry.

The third and last ground of error insisted upon is, that counsel for plaintiff, in his closing argument to the jury, commented on the fact his client was a poor man, and that defendant was a man of wealth and leisure, traveling in Europe. Undoubtedly, this was very objectionable conduct on the part of counsel, but, on objection being made, the court sustained the same, and remarked that such considerations should not be regarded by the jury. While this court does not wish to be understood as approving the conduct of counsel, it can hardly be said, even under the strictest rule recognized by any of the cases on this subject, that which is alleged against him is of sufficient gravity to warrant the reversal of the judgment, and especially in view of the fact the court at once advised the jury such considerations should not be regarded.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*