| 169 | 17 |
|-----|-----|
| 203 | 298 |

THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

FRANCES WANIATTA, Admx.

*Opinion filed November 8, 1897.*

TRIAL—*when counsel's improper remarks to jury will not reverse.* Improper remarks by counsel in addressing the jury will not work reversal where the court sustained objection thereto, using language calculated not only to counteract the effect of the remarks but to compel their withdrawal, and, after their withdrawal, no instructions were requested to further counteract their effect.

*West Chicago Street Railroad Co.* v. *Waniata,* 68 Ill. App. 481, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. G. NEELEY, Judge, presiding.

169—2

EGBERT JAMIESON, and JOHN A. ROSE, for appellant.

FRANCIS T. MURPHY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, as administratrix of the estate of William Waniatta, deceased, recovered a judgment in the circuit court of Cook county for $3000 against appellant, for an injury received by said William resulting in his death, caused by the negligence of appellant. This judgment has been affirmed by the Appellate Court.

William Waniatta was of about the age of eight years, and was, in company with appellee, his mother, and two other of her smaller children, riding upon one of the open cars of appellant. When the car stopped at the place of their destination, the mother with the small child in her arms, and another of about the age of five years, got off the car, but the said William, on account of the crowded condition of the car, got off somewhat later on the opposite side, and was immediately struck by the horses drawing another car of appellant in the opposite direction, and was thrown under the car and received injuries from which he died. It seems that the deceased was unable to alight from the car until it had started, and that the company was negligent in failing to give him sufficient opportunity to alight safely.

There is, however, no question of fact to be passed upon on this appeal, nor is there any question of law raised upon the rulings of the court in the admission and exclusion of evidence or in giving instructions to the jury. The sole point pressed upon our attention here is, that the judgment should be reversed because counsel for the plaintiff below, in his closing argument to the jury, made use of improper remarks, which were prejudicial to the defendant upon the trial. The remarks objected to by the defendant below were, in substance, these: "We will ask for no instructions, for instructions are very dangerous

on the part of the plaintiff because of a mis-trial, and so, therefore, we ask for no instructions; but when the court does instruct you, remember these instructions, you will notice, will be upon the theory of the defense in this case." Objection was made at the time by counsel for the defendant and was sustained by the court, and the court remarked: "I do not think it is a proper statement. The court will instruct the jury on the law. If you wish to say to the jury that you are afraid to ask for any instructions for fear of an error on your side, do so. I do not think there is anything in it at all." Counsel for plaintiff then announced that he would withdraw his remarks. No instruction was asked by either side for the jury to disregard the remarks complained of.

We are of the opinion that the remarks complained of were improper and should not have been made; but the objection made to them at the time by opposing counsel was sustained by the court, and it is clear, we think, that plaintiff obtained no advantage whatever by his statement. It would appear that this must have been the view of counsel for defendant, as they asked no instruction to avoid the supposed injury to their cause of which they now complain. It is apparent from the remarks of the court that such an instruction would have been given if asked. No sufficient ground for reversal is presented. The court not only sustained the objection to the remarks of plaintiff's counsel, but did so in language well calculated not only to neutralize the effect intended to be produced by such remarks, but to compel their withdrawal. *Felix* v. *Scharnweber*, 119 Ill. 445; *Marder, Luse & Co.* v. *Leary*, 137 id. 319; *Henry* v. *Centralia and Chester Railroad Co.* 121 id. 264; *Lake Erie and Western Railroad Co.* v. *Middleton*, 142 id. 550; *City of Chicago* v. *Leseth*, 142 id. 642.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*